**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 8, 2009

Charles R. Fulbruge III
Clerk

No. 09-30233
Summary Calendar

VICTOR G. THERIAULT

Plaintiff - Appellant

v.

FIA CARD SERVICES, N.A., formerly known as MBNA America Bank,
National Association

Defendant - Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana
No. 2:07-CV-2978

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

By December 2006, Victor G. Theriault became delinquent on his open-ended credit card account with FIA Card Services, N.A. (formerly known as MBNA America Bank, N.A.) ("FIA"). FIA brought the matter to the National Arbitration Forum ("NAF") for arbitration. On April 3, 2007, NAF issued an arbitration award in favor of FIA. Theriault challenged the arbitration award

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in district court and alleged that FIA violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.* and breached its contract with Theriault. The district court dismissed Theriault's claim against FIA and confirmed the arbitration award against him. We affirm the district court's judgment.

Theriault failed to establish grounds for vacating the arbitration award under 9 U.S.C. § 10, thus the district court did not err in confirming the arbitration award. In his July 2006 letter to FIA, Theriault failed to comply with TILA, specifically he failed to comply with § 1666(a)(1)(3). Because Theriault's complaint to FIA did not set forth the reasons that he believed the statement from FIA contained a billing error, FIA was not required to abide by the remedial steps within TILA prior to initiating arbitration. Therefore, there is no merit to Theriault's claim that FIA violated TILA.

Theriault also argues that the district court ruling should be overturned because FIA violated Local Rule 7.2E of the Uniform Local Rules of the United States District Courts for the Eastern, Middle, and Western Districts of Louisiana. Rule 7.2E requires that motions must be filed fifteen days prior to the notice hearing date. The record indicates that FIA filed its motion for summary judgment on June 10, 2008. R. 176. The scheduled hearing date for the summary judgment motion was June 25, 2008. R. 173. Based on these facts, FIA was in compliance with Rule 7.2E. Even if FIA was not in compliance with Rule 7.2E, Theriault did not object to FIA's motion for summary judgment on the ground that FIA violated Rule 7.2E.

## CONCLUSION

For the above reasons, we affirm the judgment of the district court.